Freeman, J.,
delivered tlie opinion of the Court.
This hill is filed to set aside as fraudulent several conveyances made by Cates to one Koonce, his brother-in-law, as having been made to hinder and delay creditors, and therefore fraudulent. It also charges, that Cates has an equitable title to a tract of land, and that he refused to have a title made to himself, with a view of filing his petition in bankruptcy without surrendering his property for the satisfaction of his debts, as well as to defraud his creditors. It is also alleged that soon after making the conveyances in 1868, Cates filed his petition in bankruptcy in the District Court of the United States at Memphis, and complainant believes and charges that he did not report or make any return of the lands mentioned, as required by law, in his petition for bankruptcy. It appears by the final decree in the case, that at November Term of Chancery Court, 1869, a motion was made by defendants “to dismiss complainant’s bill for want of equity on its face, and for other causes,” and the said motion was sustained and the bill dismissed; from which decree the appeal was prayed to this Court.
The grounds on which the motion was made, or rather the particular objections taken to the bill, are not stated. We can only gather from brief of counsel the fact, that it was dismissed because the bill shows on its face that Cates had filed his petition in bankruptcy, that the same was still pending, and com *273 plainant Rad notice as one of the creditors to file his claim. This may he fairly inferred from statements of bill, but is not stated in the hill in terms.
Assuming the fact to be, that he had filed his petition in bankruptcy and the same was still pending, and complainant only notified, the question is, did his Honor err in dismissing the bill? We think he did not.
The filing his petition in bankruptcy is in the nature of an insolvent bill under our insolvent laws in cases of deceased persons, and all creditors of petitioner are intended to be parties to the proceeding who have proveable debts against the estate of the bankrupt. The object of the law is an equal distribution of all the effects of the petitioner among his creditors, in proportion to their claims. For this purpose, a complete list of all assets of petitioner is to be filed, as well as a complete list of all his creditors, with amount and character of their debts, and place of residence.
It is further provided, that notice of the proceeding shall be issued to each creditor, in order that he may come in and prove his claims.
Assuming, as shown by the bill, that complainant is a creditor, and has notice of the bankrupt proceeding, it is his duty to file his claim, make himself party to the proceeding, and in that proceeding see that the assets fraudulently withheld are reached and appropriated under the law.
It would be the duty of the assignee to see that these assets were brought into the Court, to be dis *274 tributed pro rata, and complainants may easily have this done, if the facts be as be has alleged.
It would be a fraud on these proceedings to allow ■a creditor, with notice of their pendency — and thereby a party to them, so as to be bound by the result of such proceedings — to file his bill against assets that ought to go into the general fund, and be distributed among all creditors, and appropriate them to himself.
If the title, either legal or’ equitable, is in the bankrupt, on his being adjudged a bankrupt, and on the appointment of assignee, all his property of every kind vests in the assignee, who may sue for the same, and it is expressly provided in section 14 of Bankrupt Law, that “all property conveyed by the bankrupt in fraud of his creditors, shall so vest in such assignee.”
"We therefore hold that the bill was properly dismissed. As to the question presented in argument, of effect of a discharge when fraudulently obtained, and whether the same can be attacked or avoided when pleaded in a State Court for such fraud, we forbear to express an opinion, until the question ■ shall be raised properly before • us. There is nothing in this bill to raise the question.
Decree of Chancellor will be affirmed.